UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS MCMANAMON,

          Plaintiff,

     -against-

UNITED STATES OF AMERICA,

          Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-352 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Thomas McManamon filed this action on October 20, 2014 alleging

defamation of character based on false information provided in medical records at the Brooklyn

VA hospital. (Compl. (Doc. No. 1).) On December 16, 2015 defendant United States of

America (the "Government") moved to dismiss this action pursuant to Federal Rules of Civil

Procedure ("Rules") 12(b)(1), 12(b)(5), and 12(b)(6). (Mot. to Dismiss (Doc. No. 20).) On

October 28, 2016, McManamon filed an opposition. (*See* Def.'s 10/28/16 Ltr. (Doc. No. 27).)

For the reasons that follow, the Government's motion to dismiss is granted.

## BACKGROUND

McManamon alleges that medical records held by the Brooklyn VA hospital show that

"as per 10/19/1999 . . . I was arrested and charged 16 times. This [is] false information. . . . I

was never arrested 16 times and charged prior to this. Dr. Ferer's note as per 10/19/1996, states I

was arrested and charged 16 times. False info. Dr. Bennet Cohen recorded these erroneous

records as fact." (Compl. at 3.)[1]   McManamon attaches a medical discharge summary printed

October 2, 2014. (Compl. Ex. ("Discharge Summary") (Doc. No. 1-1).)   The document includes

---

[1] All citations to pages of the Complaint refer to the Electronic Court Filing System ("ECF") pagination.

a section called "LEGAL HISTORY" that states in part:

> As per Dr. Ferer's note of 2/14/14:

> According to 8/2/2013 documentation, [McManamon] has filed two lawsuits:
> One against NYC Correction Department for being dismissed, and one against
> VA for 'not fairly treated, discriminating' that is reported as being ongoing.

> The patient was arrested and convicted for battery and domestic violence in
> Seminole County, Florida in either 1995 or 1996. As per 10/19/1999
> documentation, the patient has been arrested and charged 16 times, spent four
> months in jail. The patient self-reports 4 incidents of having taking [sic]
> mugshots (reported to be in Florida), 2 are reported as being related to DWI
> (7/2/2013 documentation). He believes that he was 'entrapped.'

(*Id.* at 1.) There is a handwritten circle around the above information with a notation stating,

"FALSE INFO," that appears to have been made by McManamon. (*Id.*)

McManamon alleges that as a result of the foregoing he has experienced "stress, anxiety

and depression along with nightmares." (Compl. at 3.) He seeks one million dollars for pain and

suffering and a correction of the alleged erroneous information in his medical records. (Compl.

at 4.)

## STANDARD OF REVIEW

Rule 12(b)(1) allows a defendant to bring a motion to dismiss for "lack of subject-matter

jurisdiction." Fed. R. Civ. P. 12(b)(1). Plaintiffs carry the burden to affirmatively establish the

existence of subject-matter jurisdiction by a preponderance of the evidence. *Morrison v. Nat'l*

*Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (quoting

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In determining whether a court

has subject matter jurisdiction, "the court may consider relevant documents that are extrinsic to

the complaint." *N.Y.S. Catholic Health Plan, Inc. v. Acad. O & P Assoc.*, 321 F.R.D. 278, 294

(E.D.N.Y. 2015) (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002)). "After

construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may

2

properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal citations and quotation marks omitted).

The Court is mindful that McManamon is proceeding *pro se*. As such, his complaint is held to a less exacting standard than a complaint drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Because *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads McManamon's complaint to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995).

## DISCUSSION

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). For federal subject matter jurisdiction to exist in an action against the Government, the Government must "unequivocally express[] in statutory text" its waiver of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Such waivers will be strictly construed in favor of the Government. *Id.* (collecting cases). In the absence of an applicable waiver, this Court lacks jurisdiction over such claims. *See id.* Because the doctrine of sovereign immunity is jurisdictional in nature, the burden rests on McManamon to demonstrate that the Government has waived sovereign immunity with respect to his claims. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The FTCA, 28 U.S.C. §§ 2671 *et. seq.*, provides the exclusive remedy where, as here, a plaintiff "seeks to recover for the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment." *Asto v. Mirandona*, 372 F. Supp. 2d 702, 710

3

(E.D.N.Y. 2005); *see also Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts, and . . . a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA."). Specifically, the FTCA allows for:

> claims against the United States, for money damages, . . . for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant.

28 U.S.C. § 1346(b)(1); *see also Castro*, 34 F.3d at 110. One exception to this waiver is a provision expressly barring suits against the United States based on claims for certain intentional torts, including, *inter alia*, libel and slander. 28 U.S.C. § 2680(h) ("The provisions of . . . section 1346(b) of this title shall not apply to . . . [a]ny claims arising out of . . . libel, slander, misrepresentation, [or] deceit."); *see also Asto*, 372 F. Supp. 2d at 710. Because libel and slander are both forms of defamation, courts have found that the intentional tort exception under the FTCA also bars the more general claim of defamation. *See, e.g., Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 118 (S.D.N.Y. 2009) (dismissing plaintiff's defamation claim against a Government agency because "the United States, and its agencies, have not waived sovereign immunity for intentional tort claims under the FTCA"); *Asto*, 372 F. Supp. 2d at 710 (finding that the court lacked subject matter jurisdiction over a defamation claim against the Government brought pursuant to the FTCA because the Government had not waived its sovereign immunity).

Here, McManamon brings his claims pursuant to the FTCA, alleging "defamation of character." (Compl. at 2.) Because, as discussed above, such claims are barred by the FTCA's

4

intentional tort exception, this Court lacks jurisdiction over McManamon's claims.

Accordingly, McManamon's complaint is dismissed for lack of subject matter jurisdiction. The Court finds that leave to amend would be futile, and thus, leave to amend is denied. *See Tylicki v. Schwartz*, 401 F. App'x 603, 604 (2d Cir. 2010) (summary order) (leave to amend need not be granted where amendment would be futile).

## CONCLUSION

For the reasons set forth above, the Government's motion to dismiss is granted and this action is dismissed. The Clerk of Court is directed to enter Judgment accordingly and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to send McManamon a copy of this Memorandum and Order along with the accompanying Judgment, note the mailing on the docket, and close the case

SO ORDERED.

Dated: Brooklyn, New York
June 19 , 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5